JANET M. HEROLD
Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor and
Counsel for OSHA Whistleblower Program
DEMIAN CAMACHO (CSBN 286693)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
Telephone: (213) 894-1594
Facsimile: (213) 894-2064
Email: camacho.demian@dol.gov

Attorneys for Plaintiff, R. Alexander Acosta,
Secretary, United States Department of Labor

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| R. Alexander Acosta, | ) No. |
|  | ) |
| Plaintiff, | ) **COMPLAINT** |
| v. | ) |
|  | ) |
| Caliber Jet Charter, LLC, and its successors, | ) |
|  | ) |
| Defendant. | ) |

R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the Secretary), alleges as follows:

1. This is an action to enforce the employee protection provisions of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (AIR21), 49 U.S.C. § 42121, and its implementing regulations, 29 C.F.R. Part 1979, by requesting the entry of judgment against Defendant Caliber Jet Charter,

LLC (Caliber) and its successors, in accordance with a final order of the Secretary.

2. The court has jurisdiction over this action pursuant to 49 U.S.C. § 42121(b)(5) and 28 U.S.C. §§ 1331 and 1345.

3. Caliber is, and all times hereinafter mentioned was, a manager-managed limited liability company organized under the laws of Arizona in 2010. Caliber engages in private jet charter flight operations within Arizona and elsewhere, and maintained a place of business at 15827 N 80th St, Scottsdale, AZ 85260, within the jurisdiction of this Court.

4. John V. DePalma (DePalma) is, and all times hereinafter mentioned was, the managing member of Caliber, and he conducts business in Maricopa County, Arizona.

5. AIR21 encourages airline employees to report Federal Aviation Administration violations by providing them employment protections. 49 U.S.C. § 42121. Specifically, AIR21 prohibits air carriers "from penalizing an employee for reporting a violation and permits an award of monetary relief for employees who have been wrongfully discharged or suffered discrimination." Ameristar Airways, Inc. v. Admin. Review Bd., 771 F.3d 268, 272 (5th Cir. 2014).

6. Caliber is an air carrier within the meaning of 49 U.S.C. § 42121 and 29 C.F.R. § 1979.101.

7. Christopher Watts (Watts) was an employee of Caliber within the meaning of 49 U.S.C. § 42121 and 29 C.F.R. § 1979.101, in that he worked as a pilot for Caliber until June 21, 2012, when he was terminated.

8. On June 14, 2012, Watts was working as the captain onboard Caliber's charter flight N469BB, traveling from Omaha, NE to Jackson Hole, WY. Watts and his first officer noted the current weather conditions and were

advised by Air Traffic Control (ATC) to depart southward toward Liberal, KS. Approximately 40 minutes into the flight, the aircraft was struck by lightning. Watts advised ATC of the lightning strike and diverted to Wichita, KS. After landing, Watts reported the incident on a discrepancy report and to Caliber management and, despite management's insistence, Watts refused to continue flying the aircraft without a lightning strike inspection of the aircraft first being performed.

9. On June 21, 2012, Watts was terminated by Caliber.

10. On July 23, 2012, Watts filed a complaint with the Occupational Safety and Health Administration (OSHA), alleging that Caliber terminated his employment in retaliation for making complaints to management about aircraft safety issues and refusing to fly an aircraft without a lightning strike inspection first being performed on June 14, 2012. Watts also alleged Caliber blacklisted him by providing an Unusual Occurrence Form related to the June 14, 2012 incident and an employment termination letter to a prospective employer, which noted that Watts had been subjected to disciplinary action, involved in an accident or incident, and removed from flying status for performance or competency reasons.

11. Following an investigation by a duly-authorized OSHA investigator, the Secretary, acting through his agent, the OSHA Regional Administrator, Region II, found there was reasonable cause to believe Caliber violated AIR21 and issued the Secretary's Findings and Order on May 18, 2017, (Attached as Ex. A). In his findings and preliminary order, the Secretary found reasonable cause to believe Caliber violated AIR21, ordered Caliber to provide Watts with appropriate relief, and informed Caliber of its right to file an objection within thirty days of receiving the Secretary's Findings and Order, pursuant to 29 C.F.R. § 1979.105(c). The Secretary's Findings and Order were received by Caliber's

statutory agent on May 25, 2017. Ex. B, Return Receipt. Caliber had until June 24, 2017 to file an objection, which it failed to do.

12. Per 29 C.F.R. § 1979.106(b)(2), "[i]f no timely objection is filed with respect to either the findings or the preliminary order, the findings or preliminary order, as the case may be, shall become the final decision of the Secretary, not subject to judicial review."

13. On June 28, 2016, the Secretary issued a notice of litigation letter to Caliber requesting its immediate compliance with the Secretary's Findings and Order and providing it an opportunity to reply to the Secretary's request by July 12, 2017. Ex. C, Notice of Litigation Letter. No reply was received by the Secretary.

14. Per 29 C.F.R. § 1979.113, "[w]henever any person has failed to comply with a…final order…, the Secretary…may file a civil action seeking enforcement of the order in the United States district court for the district in which the violation was found to have occurred."  The violations at issue here occurred in Arizona, where Caliber is located and work is assigned to its employees.

15. AIR21 provides that "[w]henever any person has failed to comply with an order…the Secretary of Labor may file a civil action in the United States district court for the district in which the violation was found to occur to enforce such order." 49 U.S.C. § 42121(b)(5).

WHEREFORE, the Secretary respectfully requests judgment against Caliber, enforcing the final order of the Secretary as follows:

1. Enforcing the terms of the Secretary's Findings and Order as stated therein.

2. Entering a permanent injunction, enjoining Caliber, and its officers, agents, servants, employees, attorney, and persons who are in active concert or

participation therewith, including DePalma, from failing to comply with the Secretary's Findings and Order.

3. Awarding interest from the date of judgment at the legal rate until paid in full and costs, pursuant to 28 U.S.C. § 1920.

4. Awarding such other and further relief as the Court deems just and appropriate.

Dated: August 22, 2017

NICHOLAS C. GEALE
Acting Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

*/s/ Demian Camacho*
Demian Camacho
Trial Attorney

Attorneys for the Plaintiff
U.S. Department of Labor